The document below is hereby signed.

Signed: July 14, 2009.



```
_____
```
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GREATER SOUTHEAST COMMUNITY HOSPITAL CORPORATION I, *et al.*, | ) ) ) ) | Case No. 02-02250 (Chapter 11) (Jointly Administered) |
| Debtors. | ) ) | |
| _____ | ) ) | |
| HUMANA INSURANCE COMPANY and HUMANA HEALTH PLAN, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Adversary Proceeding No. 09-10002 |
| v. | ) ) | |
| GREATER SOUTHEAST COMMUNITY HOSPITAL CORPORATION I, *et al.*, | ) ) ) ) | **Not for Publication in West's Bankruptcy Reporter** |
| Defendants. | ) ) | |

MEMORANDUM DECISION AND ORDER RE MOTION TO
DISMISS AND CONTINUING SCHEDULING CONFERENCE

For ease of discussion, I will refer to the two plaintiffs in this adversary proceeding collectively as Humana and treat them as though a single entity. Humana seeks by its complaint relief against the defendants, the Reorganized Debtors under the confirmed plan in this case, with respect to executory contracts

(the "Contracts") between one of the Reorganized Debtors, Michael Reese Hospital Corporation ("Michael Reese" or the "Hospital"), and Humana.  The Reorganized Debtors are the successors to five of the debtors in the jointly administered cases, with the other debtor, Pine Grove Hospital Corporation ("Pine Grove"), not having become a Reorganized Debtor under the confirmed plan.  The confirmed plan is the Second Amended Joint Chapter 11 Plan of Reorganization ("Plan") as modified by the order confirming the Plan ("Confirmation Order").

The complaint seeks two forms of relief.  First, the complaint seeks a declaratory judgment that the Reorganized Debtors are liable, jointly and severally, pursuant to the confirmed plan, for obligations under a February 2007 Settlement Agreement between Humana and the Reorganized Debtors dealing with the Contracts, and under the Stipulation and Order signed by the court in April 2007 that approved the Settlement Agreement.  Second, the complaint seeks a monetary judgment against the Reorganized Debtors pursuant to the monetary obligations provided for under the Settlement Agreement.

I

The automatic stay of 11 U.S.C. § 362(a) has stayed this adversary proceeding with respect to three of the defendants, Michael Reese, Envision Hospital Corporation formerly known as Doctors Community Healthcare Corporation ("Envision"), and

2

Pacifica of the Valley Corporation ("Pacifica") because they each have commenced a bankruptcy case elsewhere.  This decision addresses the motion to dismiss with respect to the Reorganized Debtors other than those three entities.  This decision and the order thereon apply, in other words, to the two other Reorganized Debtors, Greater Southeast Community Hospital Corporation I ("Greater Southeast"), and Pacin Healthcare-Hadley Memorial Hospital Corporation ("Hadley").

                                II

The allegations of the complaint, and the exhibits thereto, establish the following facts.  Prior to the commencement of the debtors' cases in November 2002, Humana and Michael Reese had been parties to the Contracts, and those Contracts remained executory contracts as of the commencement of the cases.  Michael Reese was in default in making payments under the Contracts, and did not cure those defaults after the commencement of the cases.  The confirmed plan consolidated the debtors (except Pine Grove) substantively as well as administratively.  The confirmed plan provided that this court would retain jurisdiction over matters arising in, and under, and related to the case, and required that the Reorganized Debtors serve a Notice of Assumption or Rejection of Executory Contracts and Unexpired Leases (the "Notice"), setting out which contracts and leases would be assumed and which rejected.  Any contract not listed was deemed assumed but subject

                                3

to future rejection at the discretion of the Reorganized Debtors. On May 11, 2004, the Reorganized Debtors served the required Notice, and because the Contracts were not listed, they were assumed, subject to rejection.  Because the Contracts were, at least provisionally, assumed, on August 10, 2004, Humana filed claims for cure of the pre-petition defaults, one for $1,519,791.42, the other for $176,801.25 (the "Cure Claims" or, simply, the "Claims").  The Reorganized Debtors disputed the claim amounts.  The Reorganized Debtors and Humana wanted to resolve this dispute, and after good faith, arms-length negotiations, achieved a mutually acceptable compromise, embodied in a Stipulation dated March 6, 2007 (the "Stipulation") attaching a Settlement Agreement of February 2007.[1]  The Stipulation included within it a proposed order for approval of the Stipulation (so that when signed by the court, it became a Stipulation and Order).  The Stipulation recited that the confirmed plan:

> provides that any executory contract not specifically designated by the Reorganized Debtors as either assumed or rejected is deemed assumed as of the Effective Date, subject only to the Reorganized Debtor's right (the "<u>Retained Right of Rejection</u>") to decline to assume any agreement for which the cure amount is not fixed in an amount acceptable to the Reorganized Debtors.

---

[1] The listed signatories to the Settlement Agreement did not include Hadley, but the opening paragraph of the Settlement Agreement refers to the Reorganized Debtors as agreeing to the Settlement Agreement.  Moreover, the Stipulation was on behalf of Humana and the Reorganized Debtors.

Under the Stipulation and the Settlement Agreement, Michael Reese agreed to assume the Contracts.  The complaint alleges that **the Reorganized Debtors** assumed the Contracts.  But the Stipulation recited only that **Michael Reese** "is hereby deemed to have assumed the Contracts on the terms and conditions stated in the Settlement Agreement[.]"  In turn, the Settlement Agreement recited that "the Hospital [defined to mean Michael Reese] has determined to assume the Contracts" and provided that the parties [defined to mean Michael Reese and Humana] agree that "the Hospital [meaning Michael Reese] will file a motion . . . to assume the Contracts."

The Settlement Agreement further provided that "Humana agrees to accept $300,000 as satisfaction of the Hospital's defaults under the Contract, (the 'Settlement Amount')" and provided that "[t]he Hospital [defined to mean Michael Reese] agrees to pay Humana the Settlement Amount in 24 equal [monthly] installments . . . ."  The Settlement Agreement provided that "Humana will take all necessary steps to withdraw the Claims with prejudice, and waives all right to file additional Claims in the Case [defined to mean the jointly administered cases]."  In turn, the Stipulation provided that

> in furtherance of the provision of the Settlement
> Agreement requiring Humana to withdraw any proofs of
> claim, including the Cure Claims, filed by Humana in
> connection with the Debtors' bankruptcy cases, such

5

>     claims are hereby deemed withdrawn effective upon the
>     Court's entry of an Order approving this Stipulation[.]

On April 1, 2007, the court signed the Stipulation and Order, thereby approving the Stipulation and the Settlement Agreement, but the payments required have not been kept current.

III

In seeking to dismiss for lack of subject matter jurisdiction, the Reorganized Debtors do not contest Humana's contention that if the dispute can only be resolved by interpreting the Plan and the Confirmation Order confirming that plan, the court has subject matter jurisdiction. *See Kassover v. Prism Venture Partners, LLC (In re Kassover)*, 336 B.R. 74, 79 (Bankr. S.D.N.Y. 2006). The Reorganized Debtors contend in their motion to dismiss that "[w]hile the cure claim settled by the Settlement Agreement arose out of procedures set forth in the Plan, the claim presently asserted by Humana is a simple claim for breach of an obligation to pay money and the procedures set forth in the Plan regarding assumption and rejection of executory contracts and fixing of cure claims have no bearing on the outcome of Humana's claims." Humana responded in its opposition that a provision for consolidation of the estates of the Reorganized Debtors in the confirmed plan makes each Reorganized Debtor obligated for Michael Reese's obligations to Humana arising from the Settlement Agreement and the Stipulation and the terms thereby approved for payment of amounts pursuant to the

6

forthcoming assumption of the Contracts.  Specifically, Humana contends that Article 9 of the Confirmation Order, repeating the words of Plan § 6.2(a), reads:

> Deemed Substantive Consolidation of Debtors.
> . . . . . . .
>     (iv) each and every Claim filed or to be filed in the Chapter 11 Case of any of the Debtors shall be deemed filed against the consolidated Debtors and shall be deemed one Claim against the consolidated debtors.

In their reply to the opposition to their motion to dismiss, the Reorganized Debtors contend that the later Settlement Agreement and Stipulation approved by the court operated to displace any obligations under the confirmed plan and to make only Michael Reese liable for the assumed executory contract.  Specifically, pursuant to the Settlement Agreement, Humana withdrew its claims filed in the Debtors' cases in exchange for Michael Reese's promise to pay a settlement amount over time.  *See* Settlement Agreement, ¶¶ 3-4.  Humana has not had an opportunity to respond to the reply.

   Necessarily, evaluation of the Reorganized Debtors' argument entails ascertaining whether the confirmed plan's consolidation provisions were intended to apply to any later agreement fixing the obligation of only one Reorganized Debtor for prepetition defaults under an executory contract and calling for that Reorganized Debtor to pay the obligation.  In other words, it is necessary to interpret the confirmed plan to determine whether the words "Claim filed or to be filed" (as used in the confirmed

plan) include the claim fixed by the Settlement Agreement that settled the dispute of how much was owed by Michael Reese on the Cure Claims.  Those Cure Claims plainly were claims filed in the case for which each Reorganized Debtor (to the extent that the claims were allowed) was liable, and the assumption of the Contracts converted the Cure Claims into an allowed administrative claim (for which a proof of claim was unnecessary), as assumption of an executory contract converts a cure claim into an administrative claim.  The Reorganized Debtors may be correct that by specifying that it was Michael Reese that was assuming the Contracts, the Settlement Agreement turned that administrative claim into an obligation for which only Michael Reese assumed responsibility, with that obligation not being a "Claim filed or to be filed" in the jointly administered cases.  But a declaration to that effect would amount to an interpretation of the confirmed plan as not including the obligation as a "Claim filed or to be filed."  The court has subject matter jurisdiction over that dispute.

At best, the Reorganized Debtors' argument is a contention that the complaint fails to state a claim upon which relief can be granted.  The Reorganized Debtors are free to file a motion to dismiss for failure to state a claim upon which relief can be

8

granted.[2]

IV

Beyond seeking a declaratory judgment, Humana seeks a monetary judgment against each of the Reorganized Debtors. Because a declaratory judgment in favor of the Reorganized Debtors would moot the claim for a monetary judgment, I need not determine at this juncture whether the court would have jurisdiction over the claim for a monetary judgment. Only if I grant a declaratory judgment in favor of Humana would it be necessary to address that issue.

V

In light of the foregoing, it is

ORDERED that with respect to Greater Southeast and Hadley, the motion to dismiss is denied to the extent it seeks dismissal on the grounds that the court lacks subject matter jurisdiction to adjudicate the complaint's request for declaratory relief, and within 10 days of the entry of this order, Greater Southeast and Hadley shall file an answer to that part of the complaint. It is further

---

[2] If they file such a motion and it includes evidence beyond what is pled in the complaint, the motion would be one for summary judgment, and should follow the procedures applicable to such motions under the District Court Local Rule (which this court follows) that is applicable to such motions. The parties should be prepared to address whether reliance on provisions of the confirmed plan (beyond selected provisions attached to the complaint) would be deemed to be facts pled within the complaint, and as thus as not requiring a motion for summary judgment.

ORDERED that the court defers ruling on the motion to the extent the motion seeks dismissal based upon the court's lack of subject matter jurisdiction with respect to the count of the complaint seeking a monetary judgment.  It is further

ORDERED that a scheduling conference as to Greater Southeast and Hadley shall be held on **July 28, 2009, at 9:30 a.m.**

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.